IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LYNN EDWARD REECE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-307-T |
| | ) | |
| D. LOW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Roberts recommends dismissal of the action without prejudice to refiling based on Plaintiff's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, seeks monetary and injunctive relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged violations of his federal constitutional rights by agents or employees of the Bureau of Prisons. He alleges three types of violations by four defendants, all of whom held supervisory positions in the food service department where Plaintiff worked as an inmate. The complaint contains a lengthy statement of factual allegations but groups Plaintiff's claims into three counts: Count I, retaliation for filing grievances; Count II, racial discrimination; and Count III, denial of due process. The alleged conduct underlying these claims differs slightly among Defendants, but Plaintiff generally

complains about denials of promotions or pay increases, a job transfer and pay reduction, and a false disciplinary charge.

Defendants have jointly filed a motion to dismiss based on an alleged lack of administrative exhaustion, qualified immunity and other issues, and an alternative motion for summary judgment on the merits. Judge Roberts recommends dismissing the action for lack of total exhaustion, *see Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004), rendering other issues moot.

In his objection, Plaintiff addresses numerous issues that were raised in Defendants' motion but not addressed by Judge Roberts.[1] Judge Roberts makes two dispositive findings that support dismissal under the total exhaustion rule: (1) "Plaintiff has failed to exhaust his retaliation claim against Defendants Kitson and Low in Count One" (Report at 11); and (2) "Plaintiff's claims of racial discrimination are not exhausted as to Defendants Kitson and Low" (Report at 13, n.10). Liberally construed, Plaintiff's objection challenges both of these findings.[2]

After careful review of Plaintiff's complaint and voluminous attachments, his response to the motion to dismiss (denominated a motion in opposition to Defendants' motion [Doc. 39]), and his current objection, the Court finds the administrative grievances on which Plaintiff relies to show exhaustion of his retaliation claims against Defendants Kitson and Low are insufficient to satisfy Section 1997e(a). The Court further finds that, because Plaintiff has not asked to dismiss an unexhausted claim, dismissal of the action without prejudice to refiling is proper.

---

[1] Judge Roberts expressly states that she "does not agree with all of Defendants' assertions" and discusses only claims that she finds to be clearly unexhausted. *See* Report at 6, n.6.

[2] Review of all other issues addressed by Judge Roberts is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In reaching these findings, the Court must apply binding legal principles. After Judge Roberts filed her Report, the court of appeals issued its opinion in *Kikumura v. Osagie*, No. 04-1249, 2006 WL 2578805 (10th Cir. Sept. 8, 2006) (to be published), which addresses the previously unanswered question of "how much information prisoners must provide in their administrative grievances to satisfy the PLRA's exhaustion requirement." *Id*. at *10. The court determined that silence on this issue in prison regulations requires a judicially crafted rule. *Id*. Looking to the purposes of § 1997e(a), the court adopted a "standard for exhaustion applied in the Second and Seventh Circuits – which requires inmates to provide enough information in their grievances for prison officials to address the complaint internally." *Id*. at *12. In so doing, the court observed that "a rule allowing inmates to exhaust their administrative remedies with a grievance that provides prison officials fair opportunity to investigate and resolve the complaint internally even without specifically identifying wrongdoers" is particularly well-suited to the BOP's administrative remedy program, which utilizes "an inquisitorial system designed to solve problems and be responsive to issues inmates raise" and mandates that "[p]roperly submitted grievances must be investigated thoroughly by independent prison officials." *Id*. (internal quotations omitted). Mindful of these standards, the Court turns to the issues presented here.

First, as to the alleged retaliation of Defendants Kitson and Low, Plaintiff disputes Judge Roberts' statement that his evidence of exhaustion of this claim is a grievance initiated in September, 2003, and later assigned Case Number 312196. Plaintiff argues in his objection that the proper grievance to be examined is one initiated in June, 2004, and later assigned Case Number 342115. He contends this grievance, although complaining of a retaliatory job reassignment in June, 2004 (in retaliation for grievance No. 312196), also encompassed Defendants Kitson and Low

because they are mentioned in his request for administrative remedy, Form BP-9. (Objection at 5; *see* Defs.' Mot. Dism., Ex. 2.) The Court notes Plaintiff also complained of Defendant Kitson's alleged involvement during his regional appeal, Form BP-10.

Count I of the complaint, however, plainly encompasses more than a retaliatory job transfer and specifically alleges as to Defendants Kitson and Low that they "failed and refused to promote and pay Plaintiff, while promoting and paying similarly situated inmates" and treated him differently because he had filed an excessive-force grievance against Officer Jessee Lay in January, 2003, and had been labeled a "grievance-writer." (Compl. at 6.) Yet, as conceded by Plaintiff, the grievance he submitted concerning pay inequities in September, 2003, is silent concerning his current allegation that Defendant's Kitson and Low were retaliating against him for earlier grievances. Thus, the Court concurs in Judge Roberts' finding that Plaintiff has not totally exhausted his retaliation claim against Defendants Kitson and Low.

Second, as to the alleged racial discrimination by Defendants Kitson and Low, Plaintiff relies on his grievance concerning pay inequities in the food service department (No. 312196) as evidence that he exhausted this claim. Without the benefit of the court of appeals' decision in *Kikumura*, Judge Roberts concludes Plaintiff's grievance did not fairly raise a claim that his low level of compensation under Defendants Kitson's and Low's inmate pay program was racially motivated. This Court, however, reaches a different conclusion after considering the administrative record under the new standard of *Kikumura*.

Judge Roberts correctly states that the focus of Plaintiff's grievance was a complaint that Defendants Kitson and Low had refused to compensate him and workers in his position (Pots and Pans) at a level commensurate with demands of the job when compared to other food service

positions and other federal prisons.  He also complained, however, that pay levels on his shift were disproportionately low and the reason given for denying his recommended pay raise (budgetary constraints) was unjustified.  (Defs.' Mot. Dism., Ex. 1, Form BP-8.)  In his request for an administrative remedy, he expressly stated his pay was "disproportionate to other workers with the same job description in [his] same department."  (Defs.' Mot. Dism., Ex. 1, Form BP-9.)  He complained of Defendant Kitson's arbitrary denial of promotions and gave, as one example, that the Pots and Pans workers on different shifts – one shift, "nonblack" and the other shift, "all Blacks" – were paid disparately. (Defs.' Mot. Dism., Ex. 1, Form BP-9 at 2.)  Again, at the regional level, Plaintiff included in his litany of complaints about unequal treatment in the inmate pay system of Defendants Kitson and Low that his pay was only one-third of the salary of a "nonblack" inmate on the next shift with the same job description "despite greater longevity [sic], qualifications and recommendations."  (Defs.' Mot. Dism., Ex. 1, Form BP-10 at 2.)  The Court therefore finds Plaintiff fairly presented his claim of a racially discriminatory pay system at each level of the administrative process and, thus, has sufficiently exhausted this claim.

Nonetheless, the court of appeals in *Kikumura* adhered to the total exhaustion rule of *Ross* and simply declined to extend the rule under the circumstances of that case, where the unexhausted claim had been submitted to the prison grievance system during the pendency of the case and had already been rejected on procedural grounds.  *Kikumura*, 2006 WL 2578805 at *16-*18.  These same circumstances are not present here.  Plaintiff has included in his complaint at least one unexhausted claim that, according to the administrative record presented, has not been submitted to the prison grievance system.  Therefore, the total exhaustion rule requires dismissal of Plaintiff's complaint.

For these reasons, the Court adopts the Report and Recommendation [Doc. 43] as modified by this Order.  Defendants' Motion to Dismiss [Doc. 35] is GRANTED. The action will be dismissed without prejudice to refiling.

IT IS SO ORDERED this  28th  day of September, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE