**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LYNN EDWARD REECE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-307-D |
| | ) | |
| D. LOW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff , a federal prisoner appearing *pro se*, brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the status and pay grade of his prison job had been adversely impacted by the violation of certain constitutional rights. By Order of September 28, 2006, the Honorable Ralph G. Thompson adopted the Report and Recommendation of United States Magistrate Judge Bana Roberts; as a result, the action was dismissed because Plaintiff had failed to exhaust his administrative remedies as to all claims asserted in the Complaint. Dismissal was based on the "total exhaustion" rule applied by the Tenth Circuit Court of Appeals. *See Ross v. County of Bernalillo*, 365 F. 3d 1181, 1189 (10th Cir. 2004). On appeal, the judgment was vacated and the action was remanded to this Court for further consideration in light of the United States Supreme Court's intervening decision rejecting the total exhaustion requirement. *Jones v. Bock*, 549 U.S. 199 (2007). Following remand, the case was again referred to Judge Roberts in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

Judge Roberts filed a Report and Recommendation [Doc. No. 73], setting forth a detailed and thorough analysis of Plaintiff's claims and the merits of Defendants' Motion to Dismiss and their Motion for Summary Judgment. The Magistrate Judge recommended the Court grant the Motion to

Dismiss as to some of the claims and grant summary judgment as to the remaining claims. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

The record establishes that Plaintiff is an inmate at the Federal Correctional Institution in El Reno, Oklahoma ("FCI-El Reno"). On June 13, 2002, he was assigned to work in the FCI-El Reno food service department. In a three-count Complaint, Plaintiff asserts numerous claims against D. Low, B. Kitson, E. Lager, and D. Stufflebeam, asserting that each violated Plaintiff's constitutional rights while acting under color of law and while acting in his or her individual capacity. Plaintiff alleges that D. Low is the Food Administrator at FCI-El Reno, and B. Kitson is the Assistant Food Service Administrator as well as the Pay Coordinator for the Food Service Department. Plaintiff alleges that E. Lager and D. Stufflebeam are Cook Supervisors. Plaintiff contends that the defendants violated his First, Fifth, and Fourteenth Amendment rights . In summary, Plaintiff contends that he was subjected to retaliation for asserting complaints or grievances regarding numerous actions by one or more of the defendants or other officers at FCI-El Reno. He alleges that the defendants refused to authorize pay increases to which he was entitled, that his job duties were altered, that he was demoted, and that he was subjected to racial discrimination which resulted in loss of pay, demotion, or altered job duties and that, in response to his complaints, he was again subjected to retaliation. Plaintiff seeks compensatory and punitive damages of $200,000 from each defendant.

In a 41-page Report and Recommendation, the Magistrate Judge discussed in detail the factual allegations in the Complaint in light of the governing law and, with respect to the summary judgment motion, the evidence in the record. She explained the grievance procedure available to Plaintiff, the law governing exhaustion of remedies, and the evidence reflecting Plaintiff's grievances. She also analyzed the Motion to Dismiss as it applied to each claim against each defendant, concluding that

the evidence established Plaintiff had exhausted some, but not all, claims. Applying the proper legal analysis to the record in this case with regard to the claims on which Plaintiff fully exhausted his administrative remedies, the Magistrate Judge considered the merits of Defendants' summary judgment motion as to each claim against each named defendant.

The Court has carefully reviewed the Report and Recommendation, including the Magistrate Judge's analysis of each contention asserted by Plaintiff and the arguments asserted in the motions and Plaintiff's responses. The Court has also reviewed the evidence in the record, and has considered the governing law with regard to the summary judgment motion. The Magistrate Judge accurately applied the facts to the governing law with respect to each motion, and her detailed analysis need not be repeated here. The Court agrees with that analysis, and adopts the same as though fully set forth herein. In addition, the Court has considered Plaintiff's arguments in objecting to the Report and Recommendation, and finds that Plaintiff has not presented persuasive argument or authority warranting revision of the Magistrate Judge's findings or conclusions.

Having conducted a *de novo* review, the Court concludes that, for the reasons discussed in detail in the Report and Recommendation, several claims asserted by Plaintiff must be dismissed without prejudice for failure to fully exhaust administrative remedies, and Defendants are entitled to judgment on the remaining claims which have been exhausted. The Report and Recommendation is thus adopted.

In the Report and Recommendation, the Magistrate Judge also addressed Plaintiff's "Motion of Inquiry" [Doc. No. 63] in which he seeks relief regarding the filing fees related to his appeal of this Court's previous order. As explained by the Magistrate Judge, Plaintiff appears to ask this Court to "nullify" an order of the Tenth Circuit Court of Appeals addressing Plaintiff's apparent effort to

obtain a refund of the filing fee. The Magistrate Judge cited and discussed at length the legal authority which establishes that Plaintiff is not entitled to relief. The Court agrees with her analysis, and agrees that the Motion [Doc. No. 63] should be denied.

Accordingly, the Report and Recommendation [Doc. No. 73] is ADOPTED as though fully set forth herein. With respect to Plaintiff's claims asserted in Count I of the Complaint, the Defendants' Motion to Dismiss [Doc. No. 35] for failure to exhaust administrative remedies is GRANTED as to Defendants Low and Kitson and DENIED as to the Count I claims against Defendants Lager and Stufflebeam. With respect to the claims in Count II, the Motion to Dismiss for failure to exhaust administrative remedies is GRANTED as to Defendant Lager, and DENIED as to Defendants Low, Kitson, and Stufflebeam. As applied to the Count III claims, the motion to dismiss is GRANTED as to Defendants Low and Kitson and DENIED as to Defendant Stufflebeam. The dismissals are without prejudice. Defendants' Motion for Summary Judgment [Doc. No. 34] is GRANTED as to Plaintiffs' Count I claims of retaliation against Defendants Stufflebeam and Lager, Plaintiffs' Count II racial discrimination claims against Defendants Low, Kitson and Stufflebeam, and Plaintiffs' Count III due process claim against Defendant Stufflebeam. Judgment shall be entered accordingly. Plaintiff's "Motion of Inquiry" [Doc. No. 63] is DENIED.

IT IS SO ORDERED this  27th   day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE